# McLaughlin & Stern, LLP
## Founded 1898

**Daniel J. Horwitz**
Partner
dhorwitz@mclaughlinstern.com
(212) 455-0448

260 Madison Avenue
New York, New York 10016
(212) 448–1100
Fax (212) 448-0066
www.mclaughlinstern.com

Garden City, New York
Millbrook, New York
Westport, Connecticut
West Palm Beach, Florida
Naples, Florida

May 8, 2023

BY ECF

The Honorable Vera M. Scanlon
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    *Securities and Exchange Commission v. GPB Capital Holdings, LLC et al.*, (21-cv-00583-MKB-VMS)

Dear Judge Scanlon:

      We write on behalf of Defendant David Gentile[1], in response to the Court's Order, dated April 28, 2023, directing the parties to file letters apprising the Court of any additional facts developed during the pendency of (i) Mr. Gentile's motion, filed on May 31, 2022, pursuant to Federal Rule of Civil Procedure 60(b), for an Order modifying the Court's Amended Order Appointing Monitor (Dkt. Nos. 79-83) (the "Rule 60(b) Motion"), and (ii) the Securities and Exchange Commission's ("SEC") subsequent motion to convert the Monitorship into a receivership and impose a litigation injunction (Dkt. Nos. 88-91) (the "Receivership Motion") (collectively, the "Pending Motions").[2]

      As set forth in Mr. Gentile's Opposition to the Receivership Motion, there has never been any basis to appoint a receiver over GPB. (Dkt. No. 102, at 15-21). And no facts have developed in the past 11 months following the Receivership Motion to change that. In the Receivership Motion, the SEC asserted that a receivership was "necessary" in order "to fend off Gentile's takeover ploy" and to prepare a plan for distributions to investors. (Receivership Motion, at 3, 7). Yet, in the last 11 months, not only has there been no evidence of any supposed "takeover ploy," warranting the drastic relief of a receivership, but the Monitor has admitted to already preparing

---

[1] Defendants Jeffry Schneider and Ascendant Capital join in this letter.
[2] Counsel for Mr. Gentile requested oral argument on the pending motions on July 8, 2022, particularly because of the high bar for the relief sought by the SEC. (*See* Dkt. No. 106). Counsel respectfully urges the Court to permit oral argument before ruling on the pending motions for the same reasons stated in our initial requests, and the additional considerations stated in this letter.

MCLAUGHLIN & STERN, LLP

The Honorable Vera M. Scanlon
May 8, 2023
Page 2

a plan for distributions to investors. (*See*, *e.g.*, Dkt. No. 130, at 1 [February 27, 2023 letter from the Monitor stating that the Monitor "is prepared to submit [a distribution] plan"]). Thus, the factual developments since the filing of the Pending Motions further make clear that there are not, and never were there, grounds for the extraordinary remedy of converting the Monitorship to a receivership.

Mr. Gentile's Rule 60(b) Motion seeks to tailor the authority of the Monitor, Joseph T. Gardemal III (the "Monitor"), to ensure that GPB Capital Holdings, LLC ("GPB" or the "Company") maximizes investor returns with the remaining assets. Mr. Gentile did not object to and has since affirmed his express support both for: (i) GPB making distributions to investors; and (ii) GPB's ability to make distributions, without converting to a receivership, as supported by the relevant facts and circumstances related to each fund and investor, and that is in accordance with the relevant funds' governing documents, applicable law, and binding court decisions.

There is thus no basis or need, in law or fact, to appoint a receiver to make these distributions. (*See* Dkt. No. 102, at 21-24). Indeed, the SEC itself contemplated that the Monitor would oversee and approve "any decision to resume distributions to investors . . . consistent with the investment objectives of the GPB Funds." (*See* Dkt. No. 39, at ¶ 6(f)). The Monitor also stated that he formulated a distribution plan and is in a position to make distributions. (*See* Dkt. 130). This clearly states that the Monitor knows that distributions are, and have always been, achievable under the current Monitorship, further obviating any need for a receiver.

The Monitor acknowledged the need to make these distributions, as early as June 2022. (*See, e.g.*, Dkt. 90, pp. 10-11 (June 10, 2022 Declaration of Joseph T. Gardemal III) [declaring that GPB held over $920 million, a "[s]ignificant portion of [which] is available for distribution today" and that "any further delay in distribution is inappropriate and potentially the cause of unnecessary hardship."]). But, instead of actually doing so, the Monitor has inexplicably failed to take any further action, instead amassing substantial fees, ultimately to the detriment of investors and Mr. Gentile. And this prolonged failure to act over the past 11 months (despite the Monitor's acknowledgment of his ability to take actions to directly benefit investors) is clear evidence of the need to amend the Monitor's powers, as set forth in the Rule 60(b) Motion.

The failure to make distributions in the 16 months since GPB has had access to "substantial amounts of cash" following the sale of GPB Automotive Portfolio, LP on November 18, 2021[3], is solely attributable to the fault of the Monitor and current GPB management, specifically Robert Chmiel. Yet, the Monitor and GPB management continue to make baseless claims to excuse their inaction and wrongfully deflect blame to Mr. Gentile and others. Most recently, Mr. Chmiel, acting on behalf of GPB and with the Monitor's approval, claimed in his

---

[3] *See* April 27, 2023 Letter from Robert Chmiel to Investors, https://gpb-cap.com/wp-content/uploads/2023/04/2023.04.27-GPB-Capital-Update-Letter-to-Investors_FINAL.pdf.

McLaughlin & Stern, LLP

The Honorable Vera M. Scanlon
May 8, 2023
Page 3

April 27, 2023 letter to all GPB investors, that GPB's failure to make distributions was due to ongoing legal expenses "borne by our limited partners." Undoubtedly, the purpose of Mr. Chmiel's letter is to cloud the perception of the Company's investors, a group that has unequivocally opposed the receivership and have expressed frustration with the Monitor's and the Company's alienation of them and Mr. Gentile. This improper purpose is particularly apparent given that Mr. Chmiel's letter fails to mention the significant fees that the Company has paid for the Monitor and his counsel, including for work that exceeds the scope of the Amended Monitor Order,[4]

The Monitor's failure to act over the past 11 months, in conjunction with current GPB management, is not limited to their failure to make distributions to investors. Instead, while continuing to amass in excess of approximately $4.2 million in fees, which are ultimately borne by investors, the Monitor has deliberately refused to engage and cooperate with Mr. Gentile—in his ongoing role as the "Tax Matters Partner" responsible for all of the Company's tax obligations—and with GPB creditors of past-due loans. These failures have required Mr. Gentile and creditors to file completely avoidable litigation, representing yet another cost that will ultimately be borne, in part, by investors at the hands of the Monitor and current GPB management acting at his direction.

Specifically, creditors of past-due loans made to GPB were forced to commence three separate actions in New York State Supreme Court resulting in the grant of summary judgment in favor of the creditors against GPB.[5] Only when faced with these judgments, and after expending substantial time and expense, did the Monitor then finally approve the payment of the outstanding loans. Similarly, the Monitor and GPB management refused to substantively respond to multiple books and records demands made by Mr. Gentile in his capacity as Tax Matters Partner (who is entitled to these records as a matter of Delaware law and pursuant to the Company's Amended Operating Agreement), despite expressly acknowledging Mr. Gentile's need for certain information in that capacity. Because of that failure, Mr. Gentile was forced to file an action in Delaware Chancery Court in order to fulfill his obligations as Tax Matters Partner.

Each of these failures by the Monitor and GPB Management to properly act in accordance with their authority as defined by the Monitor Order and GPB operating agreements, resulted in an unnecessary waste of time and expense, ultimately indemnified by GPB and thus

---

[4] The Monitor has continued to invoice for fees that appear to substantially exceed the necessary or permissible scope of services set forth in the Amended Order. In the Q1 2023 report alone, filed on April 28, 2023, the Monitor's fees almost tripled from those reported in the previous quarter. (*Compare* Dkt. Nos. 123 and 137 [$589,019 to $1,550,245]).

[5] These loans were previously brought to the attention of this Court by way of Mr. Gentile's request for mediation with the Monitor and GPB (*See* Dkt. Nos. 51, 56, 62).

McLaughlin & Stern, LLP

The Honorable Vera M. Scanlon
May 8, 2023
Page 4

borne by GPB investors. It is thus further evidence of the need to amend the Monitor's powers as requested in the Rule 60(b) Motion.

The facts are clear that there does not exist any basis to grant the drastic remedy requested by the Receivership Motion. With the passage of 11 months without incident or action by the Monitor, it cannot reasonably be shown that there exists any imminent danger of dissipation of property or other harm. (*See* Dkt. 102, at 15-16 [discussing significant legal hurdles for the extraordinary remedy of appointing receiver that include proof of an "imminent danger of the property being lost, concealed, injured, diminished in value, or squandered"]).[6]

Quite the opposite, the facts are clear that, without intervention from the Court in granting the Rule 60(b) Motion, the Monitor will continue to recklessly incur fees without any purpose, that will continue to diminish the funds available for distribution to investors. Accordingly, and as requested in Mr. Gentile's Rule 60(b) Motion, the Monitor's scope and authority needs to be addressed and revised and the Receivership Motion should be denied.

Respectfully submitted,

*/s Daniel J. Horwitz*

Daniel J. Horwitz

cc: Counsel of Record (by ECF)

---

[6] We also note that a trial date of June 3, 2024 has been set in the related criminal action.