

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

DIVISION OF
ENFORCEMENT

May 8, 2023

**BY ECF**

The Honorable Vera M. Scanlon
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *SEC v. GPB Capital Holdings, LLC, et al.*, 21-cv-00583-MKB-VMS

Dear Judge Scanlon:

    Plaintiff Securities and Exchange Commission (the "SEC") submits this response to the Court's April 28, 2023 docket entry Order permitting the parties to file a letter setting forth any fact-based updates related to (i) Defendant David Gentile's May 31, 2022 motion to modify the Amended Order Appointing Monitor (Dkt.#79) (the "Modification Motion") and (ii) the SEC's June 13, 2022 motion for an order appointing a receiver (Dkt.#88) ("Receiver Motion").[1]

    The Court has pending before it two motions which propose divergent approaches to administering investor assets. Defendant Gentile, who is under indictment for defrauding the very investors whose funds are at the core of these motions and who should therefore have no role whatsoever in administering the assets, would have the Court retroactively bless his attempt to install his hand-picked nominees appointed in violation of the Amended Order Appointing Monitor (the "Monitor Order") to take control over investor assets. By contrast, the SEC's Receiver Motion seeks to convert the monitorship to a receivership, and to promptly propose a distribution plan to return close to $1 billion to investors who have had no access to their funds for almost five years. Gentile's sole justification for his requested relief is his ownership of the entity[2] which the SEC and the Government have alleged he used to defraud the very investors he now

---

[1] Per the Court's Order, this response is mostly limited to advising the Court of fact-based updates concerning the motions, with references to the motions where necessary for context. The SEC respectfully refers the Court to the substantial legal and factual record supporting the need for a receiver set forth in the SEC's Receiver Motion and accompanying papers.

[2] Gentile is the sole member of Defendant GPB Capital Holdings, LLC ("GPB CH"), which, in turn, is the fund manager and general partner of limited partnership funds that raised monies from investors.

says require his investment expertise, and for which he is facing a criminal trial after his motion to dismiss the indictment against him was denied.

Since the time the motions were filed approximately one year ago, the need for a receiver has only become more compelling. First, and perhaps most probative of the need for a receiver, is the fact that Gentile knowingly caused GPB CH to violate the Monitor Order by appointing his nominees as managers of GPB CH without prior notice to the Court or to any of the parties, which itself is an independent basis for appointment of a receiver. As set forth in the SEC's Receiver Motion and accompanying papers, Gentile's unilateral action injected uncertainty into GPB CH's management structure to the detriment of GPB CH and its investors. Now, over one year since Gentile took this reckless action, he still has made no attempt to bring GPB CH back into compliance with the Monitor Order by rescinding his appointment of his nominees notwithstanding his knowledge that his action has further delayed a return of funds back to investors. In the SEC's view, Gentile's unilateral appointment of his nominee managers and his failure over an entire year to attempt to remedy GPB CH's violation of the Monitor Order confirm that his interest is to advance his own agenda to control GPB CH through his nominees, and not to benefit his defrauded investors.

Second, as set forth in the SEC's memorandum in support of its Receiver Motion (Dkt.#89 at p.2) and in its Complaint (Dkt.#1 at p.2), over 17,000 investors including approximately 4,000 senior citizens have been denied access to their funds since the GPB CH funds suspended redemptions in 2018. Another year has gone by and investors are no closer to having access to their funds. While Gentile may own the GPB CH corporate entity that is the general partner of the investment funds, the GPB CH funds' assets belong to the funds' investors, and not to Gentile. In the SEC's view, under the circumstances of this case, Gentile's argument that that his or his nominees' involvement in maximizing the returns to investors is necessary should not be taken seriously. As set forth in the SEC's Receiver Motion and in the Monitor's February 27, 2023 letter to the Court (Dkt.#130), if the Monitor is appointed receiver, he will within 45 days of his appointment file a proposed plan to distribute the approximately $1 billion in investor funds held by GPB CH back to investors. By contrast, if the Court grants Gentile's Modification Motion the return of investor funds will be further delayed, as Gentile's motion merely contemplates vague notions of efficiency but no actual plan or timeline for returning funds to investors. (Memorandum in support of Modification Motion, Dkt.#80, at p.16; "[Gentile's nominees] will "work alongside Interim Management;" will "ensure[] that the Company meets all of its obligations to investors and the company's sole owner;" and "will endeavor to build collaborative communication channels integral to working hand-in-hand with Highline, Company counsel, and other stakeholders, with the objective of achieving GPB's investment goals.").

Finally, as referenced above, since the time the motions were filed, Gentile's pre-trial motion to dismiss his indictment in his criminal case was denied. *US v. Gentile*, 21-cr-54 (E.D.N.Y.), Dkt.# 202, entered Feb.13, 2023. Judge Gujarati presiding over the criminal case has set the matter for trial starting June 3, 2024 (Dkt.#210, entered April 17, 2023). In his response to the SEC's Receiver Motion, Gentile himself admitted that "Mr. Gentile is and should remain distinct from the day-to-day management of the GPB

Companies until the criminal allegations against him are resolved." (Dkt.#102 at p.2). Gentile will remain under the cloud of indictment for the foreseeable future for defrauding the very investors whose funds he now seeks to control. Gentile should not be permitted to utilize the façade of his Modification Order to install his hand-picked nominees to do his bidding when he himself has admitted that he should have no control over GPB CH.

For all of the foregoing reasons, in addition to the facts and argument set forth in the SEC's Receiver Motion and accompanying papers, the SEC respectfully requests that the Court grant the SEC's Receiver Motion and deny Gentile's Modification Motion.

Respectfully submitted,

*/s/ Neal Jacobson*
Neal Jacobson
Trial Counsel
Securities and Exchange Commission
(212) 336-0095 (tel.)
Jacobsonn@sec.gov