

**JONATHAN R. JEREMIAS**
Partner
(212) 455-0398
jjeremias@mclaughlinstern.com

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448-1100
FAX (212) 448–0066
www.mclaughlinstern.com

June 27, 2023

**BY ECF**

The Honorable Vera M. Scanlon
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    *Securities and Exchange Commission v. GPB Capital Holdings, LLC et al.*,
             (21-cv-00583-MKB-VMS)

Dear Judge Scanlon:

      We write on behalf of Defendant David Gentile in response to the letter (the "Letter") requesting that this Court accept two proposed *amicus curiae* letter-briefs submitted on June 7, 2023 by counsel for Western International Securities, Inc., FSC Securities Corp., Triad Advisors, LLC, Royal Alliance Associates, Inc., Sagepoint Financial, Inc., and Woodbury Financial Services, Inc., who are defendants in *Kinnie Ma Individual Retirement Account, et al., individually and on behalf of all others similarly situated, v. Ascendant Capital, LLC, et al.* (W.D. Texas, Case No. 19-cv-01050) ("*Kinnie Ma*"), as well as on behalf of twenty-six other broker-dealers and investment adviser firms who have also been named as defendants in the *Kinnie Ma* putative class act (collectively, the "Moving *Kinnie Ma* Defendants"). *See* Dkt. No. 149. The Letter is nothing more than an attempt from defendants in a related action to further their own agendas to benefit their respective positions in *Kinnie Ma* and other related cases where they have been sued as defendants. For this reason alone, along with the others outlined below, the Court should deny the requested relief set forth in the Letter.[1]

      <u>First</u>, the Letter is an improper attempt to circumvent Rule 24 of the Federal Rules of Civil Procedure and, thus, should be denied. That the Moving *Kinnie Ma* Defendants did not and have never moved to intervene in this action under Rule 24 is telling: it is well-established that courts within the Second Circuit routinely deny intervention of right and permissive intervention where, as here, "the Government, and particularly the SEC, is a party to the underlying action" because "the SEC, in its role as *parens patriae*, is presumed to represent the interests of the investing public aggressively and adequately[.]" *S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03 CIV.2937 WHP, 2003 WL 22000340, at *3 (S.D.N.Y. Aug. 25, 2003); *see also SEC v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 n.5 (2d Cir. 1972) ("[I]t is preferable to require private parties to commence their own

---

[1] Jeffry Schneider and Ascendant Capital join in this response.

{N0618961.1}

McLaughlin&Stern

Hon. Vera M. Scanlon
June 27, 2023
Page 2

actions than to have SEC actions bogged down through intervention"); *accord* 6 Moore's Federal Practice § 24.10[2][c], at 24-60 (Matthew Bender 3d ed. 2000) ("When one of the existing parties [in the underlying action] is the government and that party is aggressively representing the interests of the proposed intervenor, courts exhibit unwillingness to grant permissive intervention.").[2]

Second, it is axiomatic that the role of an *amicus* submission is to assist the court by providing "insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n. 1 (S.D.N.Y. 1994) (citing *United States v. Gotti*, 755 F. Supp. 1157, 1158–59 (E.D.N.Y. 1991)). Neither of the two proposed *amicus curiae* letter-briefs provide the requisite unique point of view. Rather, each *amicus curiae* letter-brief claims that "the lack of a resolution to the Receivership Motion is injecting massive uncertainty into numerous federal and state cases as well as private arbitrations related to investments in GPB-sponsored limited partnerships affecting thousands of investors and numerous third parties, including every one of the Broker-Dealer Defendants." Dkt. 149 at 5, 8. Such purported uncertainty, however, is largely a matter of public record, these arguments have already been made to the Court and, in any event, provides no insight into *this* action and the issues before *this* Court.

The other reasons offered by the proposed *amicus curiae* letter-briefs—that (i) "there are numerous other litigation and arbitration matters in which investors are actively pursuing claims and expending resources and causing other individuals and entities to expend resources in an effort to recoup funds they contend were lost as a result of their investments in GPB limited partnerships," Dkt. No. 149 at 5, and (ii) GPB has claimed that "it could not approve the transfer [of certain shares] as required" by a settlement agreement "because of the pendency of the Receivership Motion and Mr. Gentile's actions," *id.* at 8—are equally unavailing. First, recoupment of funds that were allegedly lost has no bearing on liability for nearly all of the twelve counts brought by plaintiffs in *Kinnie Ma*.[3] Second, there is nothing in the monitor order preventing GPB and the Monitor from approving the transfer of shares required by the settlement agreement, nor for that matter is there anything preventing GPB from making distributions to investors. Dkt. No. 39, at ¶¶ 6(a), (f); Dkt. No. 141 (explaining that there is no basis or need, in law or fact, to appoint a receiver for the monitor to make investor distributions); Dkt. No. 102, at 21-24 (same).

Third, it strains credulity to believe that the Moving *Kinnie Ma* Defendants are seeking to assist the Court in clarifying the issues "as an objective, neutral, dispassionate 'friend of the court'" as is required for *amici* status. *Gotti*, 755 F. Supp. at 1159. Rather, the Moving *Kinnie Ma*

---

[2] Furthermore, the Moving *Kinnie Ma* Defendants have not filed any disclosure statement or otherwise indicated whether any other party or party's counsel authored part of, or provided funding for, the proposed *amicus curiae* letter-briefs. *Cf.* Fed. R. App. P. 29(a)(4)(E) (Brief of an Amicus Curiae)

[3] Moreover, recent investor updates provided by GPB to limited partners in at least GPB Holdings II, LP show that the estimated fair market value for those interests have in fact *gained* significant value over the net capital investment.

# McLaughlin & Stern

Hon. Vera M. Scanlon
June 27, 2023
Page 3

Defendants seek to advance a narrow vision of what the proposed Receivership Motion should look like to further their respective litigation defenses and potential settlements. *See* Dkt. No. 149 at 5, 8-9. It is black letter law that conferring *amici* status on such partisan interests is inappropriate and should be denied here. *See Long Island Soundkeeper Fund, Inc. v. New York Athletic Club*, No. 94 Civ. 0436(RPP), 1995 WL 358777, at *1 (S.D.N.Y. June 14, 1995) ("Denial of leave to appear as *amicus* in a situation such as this, in which the applicant appears to have its own particular interests in the outcome of the litigation, is far from unprecedented."); *Bear, Stearns & Co. Inc.*, 2003 WL 22000340, at *6 (same); *United States v. Ahmed*, 788 F. Supp. 196, 198 n. 1 (S.D.N.Y. 1992) ("District courts have broad discretion to permit or deny the appearance of *amici curiae* in a given case.").

Fourth, even if this Court were to accept the proposed *amicus curiae* letter-briefs as properly filed (which, for all the reasons explained above, were not) and consider their contents, there is simply no basis for a receivership in this action. *See* Dkt. No. 102, 141. Indeed, the SEC itself contemplated that the Monitor would oversee and approve "any decision to resume distributions to investors . . . consistent with the investment objectives of the GPB Funds." *See* Dkt. No. 39, at ¶ 6(f). The Monitor also even stated at one time that he had formulated a distribution plan and was in a position to make distributions. *See* Dkt. 130. This clearly states that the Monitor knows that distributions are, and have always been, achievable under the current Monitorship, further obviating any need for a receiver. Moreover, it is worth reiterating that Messrs. Gentile and Schneider support the prompt distribution of assets to investors pursuant to a prudent plan that is supported by relevant facts and circumstances related to each fund and investor, and in accordance with, among other things, the relevant funds' governing documents, applicable law, binding court decisions, and the GPB funds' and GPB Capital's future obligations.

Finally, the proposed *amicus curiae* letter-briefs gloss over the harsh nature of the relief they seek and the extremely high burden for obtaining that relief. Indeed, "[t]he appointment of a temporary receiver is a drastic and intrusive remedy to be used sparingly and with extreme caution, and while the grant of such an application lies within the court's discretion, the burden is on the moving party to show by *clear and convincing evidence* that such relief is necessary." *Meisels v. Meisels*, No. 19 CV 4767 (RRM) (RML), 2020 WL 7000903, at *5 (E.D.N.Y. May 12, 2020) (emphasis added) (citation omitted), *report and recommendation adopted*, 2020 WL 6110827 at *2 (E.D.N.Y. Oct. 16, 2020) ("Put differently, there must be a clear showing that [an] emergency exists, in order to protect the interests of plaintiff in the property.") (cleaned up).

Accordingly, the relief sought by the Moving *Kinnie Ma* Defendants in the Letter should be denied and this Court should not consider the two proposed *amicus curiae* letter-briefs. We remain available to answer any questions at the Court's convenience.

McLaughlin & Stern

Hon. Vera M. Scanlon
June 27, 2023
Page 4

                                               Respectfully submitted,

                                               */s/ Jonathan R. Jeremias*

                                               Jonathan R. Jeremias