UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

    v.

GPB CAPITAL HOLDINGS, LLC;
ASCENDANT CAPITAL, LLC;
ASCENDANT ALTERNATIVE
STRATEGIES, LLC; DAVID GENTILE;
JEFFRY SCHNEIDER; and
JEFFREY LASH,

        Defendants..

No. 1:21-cv-00583-MKB-VMS

<u>ORAL ARGUMENT REQUESTED</u>

---------------------------------------------------------------------X

## AXIOM CAPITAL MANAGEMENT, INC.'S LIMITED OBJECTION

**WINGET, SPADAFORA &
SCHWARTZBERG, LLP**

/s/ *Alexander A. Truitt*
    Alexander A. Truitt, Esq.
    45 Broadway, 32nd Floor
    New York, New York 10006
    (212) 221-6900 - Telephone
    (212) 221-6989 - Facsimile
    Truitt.A@wsllp.com

    *Attorney for Axiom Capital
    Management*

# TABLE OF CONTENTS

                                                           **Page No.**

PRELIMINARY STATEMENT ...............................................................................................1

RELEVANT BACKGROUND ................................................................................................1

    A. The Receivership ......................................................................................................1

    B. Axiom .......................................................................................................................2

    C. The Distribution Plan Is Approved ..........................................................................2

    D. The *Kinnie Ma* Settlement Motion ..........................................................................3

ARGUMENT ............................................................................................................................5

CONCLUSION .........................................................................................................................8

# TABLE OF AUTHORITIES

                                                           **Page No.**

*Allstate Ins. Co. v. Halima*, 06 CV 1316 2008 WL 2673333 (E.D.N.Y. 2008) .........................7, 8

*Chao v. Slutsky*, 01-CV-7593 2009 WL 3174711 (E.D.N.Y. 2009) ..........................................6, 8

*Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2006) ..................................................5, 6, 8

*Gerber v. MTC Elec. Tech. Co., Ltd.*, 329 F.3d 297 (2d Cir. 2003) ..........................................5-8

Axiom Capital Management Inc. ("Axiom") respectfully submits this limited objection to Joseph T. Gardemal III, in his capacity as the Court-appointed Receiver (the "Receiver") of GPB Capital Holdings, LLC ("GPB Capital"), related limited partnerships (the "GPB Funds") and their assets' (collectively, the Receivership Estate") Motion For Entry Of An Order Authorizing Settlement Agreement Resolving Related Civil Litigation ("*Kinnie Ma* Settlement Motion") arising from the putative class action, *Kinnie Ma IRA et al. v. Ascendant Capital, LLC et al.* No. 1:19-cv-01050-ADA (W.D. Tex.) (the "*Kinnie Ma* Action").

## PRELIMINARY STATEMENT

Axiom does not oppose approval of the Proposed Settlement in principle. It objects only to provisions that, as drafted, unfairly alter Axiom's rights. The settlement bars Axiom's indemnification claims, assigns investor claims against Axiom to the Receiver, and provides no offset or credit—thereby reallocating economic risk rather than resolving it. Second Circuit law permits settlement bars only where they operate symmetrically and are narrowly tailored to the liability resolved. Axiom, therefore, seeks limited clarifications to ensure the settlement remains fair, balanced, and consistent with governing precedent.

## RELEVANT BACKGROUND

**A. The Receivership**

On February 4, 2021, the Securities and Exchange Commission ("SEC") commenced this action again GPB Capital, Ascendant Capital, LLC ("Ascendant"), Ascendant Alternative Strategies, LLC ("AAS"), and certain officers of those entities. *See* ECF No. 1 ¶¶ 1-7.1. Shortly thereafter, this Court appointed Mr. Gardemal to serve as independent monitor over GPB Capital. *See* ECF No. 23.2. On December 8, 2023, the Court entered the "Receivership Order," converting the monitorship into a receivership and appointed Mr. Gardemal as the Receiver. *See* ECF No.

187. Under the Receivership Order: (1) Section 6(k) grants powers concerning litigation and claims involving the Receivership Entities and Receivership Assets; (2) Section 6(m) addresses actions by or against the Receivership Entities, the Receiver, or the Receivership Estate; and (3) Section 6(o) concerns the sale, assignment, transfer, or other disposition of Receivership assets, subject to Court approval for material assets. *See* ECF No. 187

### B. Axiom

Axiom is a registered broker-dealer that entered into several Dealer Agreements with certain GPB Funds. *See* ECF No. 247-2 ¶29. The Dealer Agreements require the GPB Funds to indemnify Axiom for claims, losses, and defense costs arising from misstatements or omissions in the GPB Funds' offering materials. *Id.*, ¶¶30-33; *see also* ECF No. 247-3, Section XI. Axiom has asserted indemnification demands arising from investor claims concerning misstatements and omissions in the GPB Funds' offering materials, including demands for defense costs and liabilities incurred in private FINRA arbitrations in which neither GPB Capital nor the GPB Funds were a named party. *See* ECF No. 247-2 ¶¶34-36.

### C. The Distribution Plan Is Approved

On January 17, 2025, the Receiver filed a motion for entry of an order approving a "Distribution Plan" and setting "Claims Procedures" among other things. *See* ECF No. 228. Axiom objected to the Receiver's motion on due-process grounds, concerned that the Proposed Distribution Plan, as structured, could have the effect of eliminating the GPB Funds' indemnification obligations through a summary claims process. *See* ECF No. 247-1, pp. 13-15; ECF. No. 264, pp. 1-6.

In overruling Axiom's objection, both the Receiver and the Court explained that due process would be followed as "[t]he Distribution Plan only requires [Axiom] to 'submit a Proof of

Claim to the Receiver, who will review and resolve it just as he would any other Proof of Claim,' including the option to 'seek review by this Court' if they are 'dissatisfied with the Receiver's resolution of their claim.'" *See* ECF No. 271 at pp. 33-35. The Receiver further stated that it has "'earmarked' funds for the Objectors' claims" and the Court concluded this satisfied due process as Axiom would have the opportunity "to contest the Receiver's rejection of their claims." *Id.*

Counsel for Axiom submitted proof of claim pursuant to the procedure outlined in the Distribution Plan. As of the filing of this objection, Axiom's claim has not yet been addressed.[1]

### D. The *Kinnie Ma* Settlement Motion

The *Kinnie Ma* Action is a putative class action alleging, among other things, material misrepresentations and omissions in the GPB Funds' offering materials. On January 13, 2026, the Receiver filed the *Kinnie Ma* Settlement Motion, seeking Court approval for a settlement with the *Kinnie Ma* Plaintiffs. *See* ECF No. 326. Axiom does not oppose approval of the proposed settlement ("Proposed Settlement") in principle. However, there are aspects of the Proposed Settlement that appear unfair to Axiom. When counsel for Axiom sought clarification from the Receiver's counsel, he did not receive a response.

To start, Paragraph 32 of the Proposed Settlement contains the following bar order:

> The Settling Parties agree that they will ask the Court to enter a bar order as part of the Final Approval and Bar Order and the Final Judgment, Exhibits B and C hereto, respectively, providing that the non-Settling Defendants and any future defendants in the Action, and all officers, partners, agents, servants, employees, attorneys, successors, assigns, and insurers, and Persons in active concert with any of the foregoing, are forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any claim for contribution or indemnity against any of the Defendant Releasees.

---

[1] Axiom does not criticize the Receiver's administration of the claims process. Axiom notes only the procedural posture of its claim.

*See* ECF No. 326-4, §32.[2] While the term "non-Settling Defendants" is not defined, it could be interpreted as including Axiom. *See id.* §§ II(j); (tt).

The Proposed Settlement neither preserves Axiom's previously asserted indemnification claims nor limits the indemnification bar to claims arising from the same underlying liability resolved by the Proposed Settlement, including indemnification claims arising from separate proceedings. There is no *pro tanto* credit, no proportionate-fault reduction, and no other mechanism linking the indemnification bar to the liability resolved by the class settlement.

Likewise, Paragraph 20 contains an assignment of all claims the putative class has alleged or could have alleged against Axiom as follows:

> Members of the Settlement Class agree to and hereby assign and transfer to the GPB Receivership Estate the Assigned Claims against the [Ascendant, AAS, or Axiom], the Individual Defendants, and DJ Partners LLC, and MR Ranger, LLC, provided that, if this Settlement is not finally approved, the assignment is null and void and Plaintiffs may continue such litigation in the discretion of Plaintiffs and Plaintiffs' Co-Lead Settlement Counsel. From the date hereof until such assignments are effective, Plaintiffs, Plaintiffs' Counsel, and any other counsel representing Plaintiffs in the Action, shall discontinue and refrain from prosecuting all further litigation against such Defendants. The Settlement Amount includes bargained-for consideration for assignment and transfer of such Assigned Claims. This Settlement does not settle, or release, any of the Assigned Claims.

*See id.* §20.

Further, the Proposed Settlement makes it clear that no claims are released as against Axiom. *See id.* §28. As such, the Proposed Settlement permits the GPB Funds to: (1) resolve the exact type of claim where they are required to indemnify Axiom; (2) eliminate Axiom's ability to obtain indemnification, (as well as indemnity amounts owed that are unrelated to the GPB Funds' liability to the *Kinnie Ma* Plaintiffs); and (3) avoid a credit or proportionate fault reduction required

---

[2] This paragraph references "Exhibits B and C" that are not readily identifiable in the Receiver's submission, which organizes its exhibits by number rather than by letter.

4

to ensure a bar order is fair. In this way, the Proposed Settlement effectively denies Axiom's indemnity claims while bypassing the claims-resolution procedure set forth in the Distribution Plan.

Moreover, the assignment permits the Receiver to aggregate individual investor claims while depriving Axiom of offsets and constraining its ability to assert equitable and affirmative defenses. Even apart from any decision to pursue litigation, this one-directional reallocation of rights enhances the Receiver's position and correspondingly weakens Axiom's. It changes the allocation of economic risk by creating a structural imbalance that undermines fairness rather than promoting settlement finality.

## ARGUMENT

Axiom requests the Court approve the Proposed Settlement subject to the following limitations and clarifications:

(i) that Axiom's liability for the Assigned Claims is extinguished to the same extent as the Settling Defendants and Defendant Releasees' liability (conversely barring the Receiver from asserting the Assigned Claims to the extent Axiom indemnification, equitable and affirmative defenses are also limited by the bar order); and

(ii) that Axiom's contractual indemnification claims for amounts unrelated to the GPB Funds' liability to the *Kinnie Ma* Plaintiffs (*i.e.* attorneys' fees, defense costs, and losses arising from private FINRA arbitrations in which neither GPB Capital nor the GPB Funds are parties) are expressly carved out and preserved.

Axiom respectfully submits this relief is consistent with Second Circuit authority recognizing that settlement bar orders must operate symmetrically and may not extinguish independent indemnification rights unrelated to the liability resolved by the settlement. *See Gerber v. MTC Elec. Tech. Co., Ltd.*, 329 F.3d 297 (2d Cir. 2003); *Denney v. Deutsche Bank AG*, 443 F.3d 253 (2d Cir. 2006).

5

This Court has discretion to approve or modify the Proposed Settlement. *See Denney*, 443 F.3d at 273 (citation omitted). In exercising its discretion, the Court is guided by the well-established principle that "[a] court can endorse a settlement only if 'the compromise is fair, reasonable and adequate'" and "where the rights of one who is not a party to a settlement are at stake, the fairness of the settlement to the settling parties is not enough to earn the judicial stamp of approval." *Gerber*, 329 F.3d 297, 302 (2d Cir. 2003) (citing *In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1026 (2d Cir.1992) (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir.1982)).

"A settlement bar should not be approved unless it is narrowly tailored and preceded by a judicial determination that the settlement has been entered into in good faith and that no one has been set apart for unfair treatment." *Chao v. Slutsky*, 01-CV-7593SLTETB, 2009 WL 3174711, at *4 (E.D.N.Y. Oct. 2, 2009) (quoting *In re Masters* 957 F.2d at 1031). "[T]o alleviate the potential harshness of a bar order, there must be a judgment credit provision that protects a nonsettling party from paying damages exceeding its own liability … ensuring that, at the end of the day, the non-settling defendants are not held responsible for any damages for which the settling defendants are proven liable, a judgment credit provision adequately compensates non-settling defendants for indemnity and contribution claims, as well as for any other claims where the harm to non-settling defendants is based on their liability to a plaintiff." *Chao,* 2009 WL 3174711, at *4 (internal quotations and citations omitted).

A bar order is not intended to extinguish all indemnification claims a non-settling defendant may have against a settling defendant, just indemnification claims arising from the non-settling defendant's liability to the plaintiff. *Id.*; *see also Gerber*, 329 f.3d at 306; *Denny,* 443 F.3d at 274. "A settlement bar order is too broad, and thus, unfair to non-settling defendants, if its terms can be

interpreted as extinguishing claims … for which damages sought do not consist of 'the non-settling defendant's liability to the plaintiff…'" *Allstate Ins. Co. v. Halima*, 06 CV 1316 DLI MDG, 2008 WL 2673333, at *2 (E.D.N.Y. June 26, 2008) (quoting *Gerber* at 306). "[A] nonsettling party's independent claims—such as 'independent reputational damages or losses relating to the cost of defense arising out of a breached contractual or fiduciary relationship with [a settling defendant]'—should not be extinguished unless the judgment credit provision compensated for the loss of such claims." *Denny* 443 F.3d at 273 (quoting *Gerber* at 306).

As against Axiom, the Proposed Settlement's lack of mutuality is fundamentally unfair. As discussed above, the Proposed Settlement permits the GPB Funds to: (1) resolve the exact type of claim where they are required to indemnify Axiom; (2) eliminate Axiom's ability to obtain indemnity owed; and (3) deprives Axiom of credit or proportionate fault reduction.

Even more, the Proposed Settlement effectively bypasses the claims-resolution procedure set forth in the Distribution Plan to deny Axiom's indemnification claim.[3] At the same time, the Proposed Settlement assigns investor claims against Axiom to the Receiver, while stripping Axiom of offsets and constraining its ability to assert equitable and affirmative defenses. Even if no litigation is pursued, the assignment and bar order transform the Proposed Settlement from a mechanism of finality into a one-directional restructuring of rights and economic risk.

---

[3] The Court approved the Distribution Plan based on representations that claims affecting Excluded Parties would be addressed through a process providing notice, an opportunity to be heard, and judicial review. The Proposed Settlement departs from that framework by extinguishing Axiom's asserted indemnification rights through a bar order rather than through the claims-resolution process previously approved by the Court. At a minimum, clarification is warranted to ensure that approval of the settlement does not inadvertently displace the procedural protections the Court previously deemed sufficient.

This lack of mutuality is far more pronounced than the defect that required reversal in *Gerber*. 329 f.3d at 306.[4] Accordingly, fairness requires that the assignment be accompanied by a reciprocal release or equivalent limitation extinguishing Axiom's liability for the Assigned Claims to the same extent as the Settling Defendants and Defendant Releasees' liability is extinguished. Without such symmetry, the Proposed Settlement reallocates (rather than resolves) liability and economic risk, in a manner inconsistent with *Gerber*, *Denney*, and their progeny.

In addition, the Proposed Settlement's bar order must be modified because it is overbroad. Bar orders may not extinguish independent contractual claims for cost of defense arising from breach of contract or claims otherwise unrelated to the settling defendant's liability to the settling plaintiff. *See Denny,* 443 F.3d at 273; *Gerber*, 329 f.3d at 306; *Chao,* 2009 WL 3174711, at *4; *Halima* 2008 WL 2673333, at *2. Here, Axiom's indemnification claim seeks defense costs owed under the Dealer Agreements along with loss arising from FINRA arbitrations where GPB Capital and the GPB Funds were not parties. As such, the bar order must be modified to expressly carve out Axiom's independent indemnification claims against the Receivership Estate.

## **CONCLUSION**

Based on the foregoing, Axiom respectfully request this Court grant approve the Proposed Settlement subject to the following limitations and clarifications:

(i) that Axiom's liability for the Assigned Claims is extinguished to the same extent as the Settling Defendants and Defendant Releasees' liability (conversely barring the Receiver from asserting the Assigned Claims to the

---

[4] Nor does the assignment of claims cure these mutuality concerns. While the Receiver may acquire assigned investor claims, that assignment does not restore balance where the settlement simultaneously bars Axiom's indemnification rights and provides no offset or credit. Fairness is the governing principle. Mutuality is simply one doctrinal mechanism courts use to ensure that settlement structures do not reallocate economic responsibility to a non-settling party. A myopic focus on the formal attributes of assignment, while ignoring the settlement's economic operation, improperly elevates form over substance and should be rejected by the Court.

extent Axiom indemnification, equitable and affirmative defenses are also limited by the bar order); and

(ii) that Axiom's contractual indemnification claims for amounts unrelated to the GPB Funds' liability to the *Kinnie Ma* Plaintiffs (*i.e.* attorneys' fees, defense costs, and losses arising from private FINRA arbitrations in which neither GPB Capital nor the GPB Funds are parties) are expressly carved out and preserved.

Along with such other relief as this Court deems equitable, just and proper.

**WINGET, SPADAFORA & SCHWARTZBERG, LLP**

/s/ *Alexander A. Truitt*
Alexander A. Truitt, Esq.
45 Broadway, 32nd Floor
New York, New York 10006
(212) 221-6900 - Telephone
(212) 221-6989 - Facsimile
Truitt.A@wssllp.com

*Attorney for Axiom Capital Management*